IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEONI PAYTON, | CIVIL NO. 15-00238 SOM/KSC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND DENYING MOTION FOR SUMMARY JUDGMENT BASED ON ALLEGED LACK OF DAMAGES |
| vs. | |
| DEFEND, INC., and MICHAEL BUNTENBAH aka MIKE MALONE, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION
FOR SANCTIONS AND DENYING MOTION FOR
SUMMARY JUDGMENT BASED ON ALLEGED LACK OF DAMAGES**

**I.      INTRODUCTION.**

This case involves alleged copyright infringement. On June 1, 2017, Magistrate Judge Kevin S.C. Chang determined that Plaintiff Keoni Payton's answers to discovery were insufficient and that he had failed to attend his scheduled deposition. Magistrate Judge Change ordered Payton to appear for a deposition in Hilo, Hawaii, within 30 days, with Payton being responsible for paying the court reporter's fees. Payton was ordered to supplement his discovery responses no later than one week prior to his deposition. *See* ECF No. 81.

When Payton did not supplement his discovery responses, Defendants Defend, Inc., and Michael Buntenbah cancelled the deposition and filed the present motion for sanctions. Defendants also move for summary judgment, arguing that Payton cannot prove damages. The court grants the motion for sanctions

in part and denies it in part.  The court denies the motion for summary judgment.

**II.     BACKGROUND.**

On June 24, 2015, Payton filed the Complaint in this matter.  *See* ECF No. 1.  It asserts claims of direct copyright infringement (Count I), contributory infringement (Count II), and vicarious copyright infringement (Count III).

The Complaint alleges that Payton designed and owns an image containing a drawing of an AR-15 rifle, along with the words "Defend" and "Hawaii":



*See* ECF No. 1, ¶¶ 10-11.

Payton alleges that he designed and displayed the image during or before 2005.  *Id.* ¶ 12.  In December 2014, Payton registered the image with the Copyright Office, Registration Number VA 1-934-173.  ECF No. 1-1 (copy of copyright registration).

The Complaint alleges that Averi Sauders conveyed the image to Defend, Inc., and Buntenbah even though she had no

authority to do so. *See* Complaint ¶¶ 15-16. Payton concedes that Saunders was his "prior business and romantic partner." *See* Plaintiff Keoni Payton's Responses to Defendant Defend, Inc., and Michael Butenbah aka Mike Malone's First Request For Answers to Interrogatories to Plaintiff No. 8, ECF No. 85-6, PageID # 473.

On April 12, 2016, Defendants sent Payton a request for answers to interrogatories and a request for production of documents. *See* Declaration of Counsel ¶ 3, ECF No. 85-2. On May 24, 2016, Payton produced 285 pages of documents responsive to the document production request. *Id.* ¶ 4. On May 31, 2016, Payton answered the interrogatories. *Id.* ¶ 5.

On June 1, 2017, Magistrate Judge Chang held a hearing on Defendants' motion to extend the deadline to file dispositive motions based on Payton's insufficient discovery responses and Payton's failure to attend his scheduled deposition. *See* ECF No. 81. The district judge has a recording of that hearing. Magistrate Judge Chang determined that Payton's responses were incomplete and inadequate. Magistrate Judge Chang therefore continued the trial date and dispositive motions deadline, and ordered Payton to appear for a deposition in Hilo, Hawaii, on a mutually agreeable date in no more 30 days. Magistrate Judge Chang also required (1) that Payton pay for the appearance of the court reporter for the previous deposition that he had failed to appear at and for the upcoming deposition, and (2) that Payton

supplement his previous discovery responses at least one week before the deposition.  Payton was warned that, if he failed to appear at the upcoming deposition, sanctions might be imposed, which might include costs, fees, and dismissal of the action with prejudice.

The parties agreed that Payton's deposition would occur on June 30, 2017, meaning that Payton's supplemental discovery responses were due on June 23, 2017.  *See* Decl. of Counsel ¶ 20, ECF No. 85-2.  When Payton failed to supplement his discovery responses, Defendants cancelled the scheduled deposition.  *Id.* ¶ 22.

**III.**         **THE MOTION FOR SANCTIONS IS GRANTED IN PART.**

Pursuant to Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, Defendants seek sanctions for Payton's failure to supplement his discovery responses as ordered by Magistrate Judge Chang as well as for his failure to timely comply with other discovery obligations.  Specifically, Defendants seek dismissal of this action with prejudice, as well as their fees and costs for bringing the sanction motion.  *See* ECF No. 85. Rule 37(d)(1)(A) states:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> **(1) In General**.

4

> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> > (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or
> >
> > (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

This court declines to dismiss this action at this time pursuant to Rule 37. Magistrate Judge Chang crafted an appropriate order for Payton's failure to timely supplement his discovery obligations and his failure to attend his deposition. That order allowed for timely discovery while preserving the parties' right to a trial. This court will not revisit the appropriateness of Magistrate Judge Chang's order when the parties did not timely appeal that order. Rather than examine discovery sanctions anew under Rule 37, the court instead examines the current motion for sanctions based on Payton's failure to comply with Magistrate Judge Chang's order that he supplement his inadequate discovery responses and attend a future deposition.

The Ninth Circuit has stated that district courts have "the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). A willful

5

violation of a court order sufficient to justify sanctions "does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id.*

Payton has been represented by counsel at times in this case, including when discovery was initially supposed to be turned over to Defendants. However, Payton appeared *pro se* at the hearing in which Magistrate Judge Chang ordered him to supplement his inadequate discovery responses. Payton heard Magistrate Judge Chang tell him that he needed to supplement his discovery responses. Payton's failure to supplement his responses in light of his personal knowledge of the order therefore demonstrates a willful violation of Magistrate Judge Chang's order that he supplement his discovery responses. Payton is here sanctioned for his willful violation of Magistrate Judge Chang's order. The court, however, declines Defendants' request that the new sanctions include dismissal of this action with prejudice and an award of fees and costs associated with the bringing of the present motion. Instead, the court gives Payton one last opportunity to comply with his discovery obligations.

The court here adds to the discovery sanctions imposed by Magistrate Judge Chang: First, no later than October 26, 2017, Payton must supplement his responses to interrogatories and the document requests. If Payton fails to meet that deadline, then,

6

unless he establishes good cause for that failure, he will be limited at trial to introducing evidence and making arguments based on the state of discovery as of October 26, 2017, with the addition of only any discovery he receives from Defendants after October 26, 2017.  In short, if Payton fails to supplement his discovery responses by October 26, 2017, he may only introduce into evidence at trial the materials he has previously produced to Defendants by that date and the materials Defendants give to him before or after that date.  He is also limited to making arguments based on the theories and facts identified in his discovery responses on or before October 26, 2017, or based on discovery obtained from Defendants either before or after that date.

Additionally, Payton must make himself available at his own expense to be deposed by Defendants on November 6, 2017, in the federal courthouse located at 300 Ala Moana Boulevard, Honolulu, Hawaii  96850.  In addition to paying the court reporter fee for the previous deposition that Payton failed to appear at, Payton must pay the court reporter fee for the deposition on November 6, 2017.  The fee is for the court reporter's appearance; the court is not requiring Payton to pay for any deposition transcript.  Payton must travel to Honolulu at his own expense to be deposed.

On November 6, 2017, at 9:00 a.m., Payton must appear before this court in person for a status conference regarding discovery.  If Payton fails to personally appear at this status conference, the deposition will be cancelled and this action will be dismissed with prejudice based on Payton's failure to prosecute this action.  If Payton appears at the status conference on November 6, 2017, the parties will be directed to a room in the courthouse where his deposition will occur before a court reporter to be hired by Defendants (but paid for by Payton).

The hearing on Defendants' second motion for summary judgment, ECF No. 96 (now set for hearing on November 6, 2017), is continued to December 11, 2017, at 9:45 a.m.

**IV.     THE MOTION FOR SUMMARY JUDGMENT IS DENIED.**

On July 12, 2017, Defendants moved for summary judgment, arguing that Payton cannot prove damages.  *See* ECF No. 86.  That motion is denied.

**A.     Summary Judgment Standard.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  The movants must support their position

concerning whether a material fact is genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. *See id.* at 323. A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

9

*Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere allegations in the pleadings and instead must set forth specific facts showing that there is a genuine issue for trial. *T.W. Elec. Serv.*, 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)); *see also Addisu*, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). *Accord Addisu*, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

In adjudicating summary judgment motions, the court must view all evidence and inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. *Id.* When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *Id.*

**B. Analysis.**

Under 17 U.S.C. § 504(a), a copyright infringer is liable for actual damages plus profits or for statutory damages. Section 504(b) explains:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Under § 504(c)(1), statutory damages are "a sum of not less than $750 or more than $30,000" for each infringed work. However,

with a "willful" violation, statutory damages up to $150,000 may be awarded. 17 U.S.C. § 504(c)(2).

Defendants seek summary judgment, arguing that the "court record is completely devoid of information or evidence to support claims by Plaintiff for damages" and that "there is no evidence of damages sustained by Plaintiff." ECF No. 86-1, PageID #s 510-11. Defendants further argue that, pursuant to Rule 37(c)(1), Payton's failure to supplement his discovery responses means that he "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The court is unpersuaded by Defendants' arguments and denies the motion for summary judgment.

First, to the extent Defendants base their motion on the argument that Payton's failure to supplement his discovery responses means he can present no evidence of damages, the court is unpersuaded. The court has earlier in this order imposed heightened sanctions for Payton's shortcomings in the discovery process. The court will allow Payton one more opportunity to comply with his discovery obligations.

Second, § 504(c)(1) allows a copyright owner to elect actual damages plus profits or statutory damages "at any time before final judgment is rendered." This means that, even if Payton has no evidence of actual damages or profits, Defendants

12

are not entitled to summary judgment based on an argument that Payton cannot prove such damages and profits. Under § 504, Payton may choose to be awarded statutory damages for any violation of his copyright rather than actual damages plus profits. In his answer to Interrogatory Number 20, Payton identified statutory damages as some of the damages being sought. *See* ECF No. 85-6, PageID # 477. The existence of statutory damages precludes summary judgment based on Defendants' present argument that Payton can prove no damages.

The court notes that, in their Reply in support of the motion for summary judgment based on damages, Defendants argue that statutory damages are unavailable in this case because the alleged infringement began before Payton registered his copyright. *See* ECF No. 103, PageID # 693 (citing 17 U.S.C. § 412); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700-01 (9th Cir. 2008). Under Local Rule 7.4, this court disregards this argument because it is raised in the Reply, not in the original moving papers. Defendant had notice of the statutory damages claim long before it was raised in Payton's Opposition memorandum, so the record establishes no justification for Defendants' decision to wait to address it.

Waiting until a reply to raise an argument deprives the opposing party of notice of the argument and the opportunity to file a written opposition to it; waiting also deprives the court

13

of full briefing with respect to the argument.  As noted above, Payton's interrogatory answers indicated that he was seeking statutory damages.  It was incumbent on Defendants to demonstrate as a matter of law that statutory damages are unavailable.  Having failed to do so in the motion for summary judgment, Defendants cannot remedy that failure by raising a known issue for the first time in their Reply.  Even if Payton had notice that Defendants intended to raise such a defense, Defendants, as the movants, could not justifiably first raise the issue in their Reply.

Third, Defendants have failed to meet their initial burden of demonstrating that they are entitled to judgment as a matter of law with respect to actual damages.  In the present motion, Defendants only assume that there are no facts supporting actual damages, but do not ground that assumption in sufficient facts.  Absent a sufficient showing of entitlement to judgment, Defendants cannot prevail on their motion by simply arguing that Payton has not offered facts going to damages.  Payton had no obligation to identify a triable issue of fact as to actual damages if Defendants' moving papers did not first make out an entitlement to judgment in their favor.

Finally, damages could be established by relying on Defendants' profits.  That information is the kind of matter that would be in Defendants' possession and control, not Payton's.

Even though Payton may not have asked for that information in discovery and may not currently possess that information, that failure does not mean that he could not establish profits at trial. Payton could, for example, ask Defendants at trial what their gross revenue was for a given period. Under § 504(b), Defendants would then have the burden of demonstrating that the gross revenue was attributable to other factors.

**V.      CONCLUSION.**

Defendants' motion for sanctions is granted in part and denied in part. The court declines to dismiss the case or award fees and costs. However, Payton is ordered to supplement his discovery responses no later than October 26, 2017. Payton must also attend in person a status conference followed by a deposition in the federal courthouse in Honolulu beginning at 9:00 a.m. on November 6, 2017. Payton must pay the court reporter fees associated with that deposition, as well as the court reporter fees for the previous deposition that he failed to attend. If Payton fails to attend the status conference and deposition, the court will dismiss this action with prejudice.

Defendants' motion for summary judgment based on an alleged lack of damages is denied.

The hearing on Defendants' second motion for summary judgment, ECF No. 96, is continued to December 11, 2017, at 9:45 a.m.

No later than October 26, 2017, Defendants are directed to submit a declaration stating the amount of the court reporter fees for the deposition Payton failed to attend, as well as a statement as to whether Payton has paid those fees.

The Clerk of Court is directed to send a copy of this order to counsel of record and to Payton at fmhikeoni@gmail.com.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 17, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Payton v. Defend, Inc., et al.*, Civ. No. 15-00238 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND DENYING MOTION FOR SUMMARY JUDGMENT BASED ON ALLEGED LACK OF DAMAGES