IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KEONI PAYTON, | ) | CIVIL NO. 15-00238 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| vs. | ) ) | |
| DEFEND, INC., and MICHAEL BUNTENBAH aka MIKE MALONE, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION.**

This case involves alleged copyright infringement. Defendants seek summary judgment, arguing: (1) Plaintiff Keoni Payton lacks a protected copyright in his "Defend Hawaii" image; (2) Payton's copyright claims are barred by the copyright merger doctrine and/or the related scènes à faire doctrine; (3) Payton's copyright claims violate Defendants' First Amendment rights; and (4) Payton is not entitled to statutory damages or attorney's fees.  The court denies the motion.

**II.    BACKGROUND.**

On June 24, 2015, Payton filed the Complaint in this matter, asserting claims of direct copyright infringement (Count I), contributory infringement (Count II), and vicarious copyright infringement (Count III).  *See* ECF No. 1.

The Complaint alleges that Payton designed and owns an image containing a drawing of an AR-15 rifle, along with the words "Defend" and "Hawaii":



See ECF No. 1, ¶¶ 10-11. According to the Complaint, Defendants are using this image (or one similar to it) on clothing and other products and have been infringing since February 2010. *Id.* ¶¶ 23, 28. 30. The Complaint also alleges that, on June 23, 2015, Defendants' website listed t-shirts for sale using the copyrighted image:

   

Payton says he alone designed the image in 2004. *See* Deposition of Keoni Payton at 41-43, ECF No. 112-2, PageID # 760-61. Payton says he used a preinstalled font on his Mac Computer called "Stencil" for the words "Defend Hawaii." He says that he then used Adobe Photoshop or Adobe Illustrator to stretch the letters into arches. *Id.* at 44-48, PageID # 761-62. For the weapon in the image, Payton says he took a picture of a model AR-15 Airsoft gun and made it into a silhouette using Photoshop's pen tool. *Id.* at 48-49, PageID # 762. Payton says that it only took a couple of hours to create the image and that he started to sell stickers and t-shirts with the image on them in 2005. *Id.* at 53, 68, PageID #s 763, 767.

Payton's ex-girlfriend, Averi Saunders, tells a different story. She says that in 2006 she and Payton were watching an episode of Dave Chappelle's show when Spike Lee appeared wearing a "Defend Brooklyn" image. She says that, after watching the episode, Payton made the "Defend Hawaii" image, getting his inspiration for the "Defend Hawaii" image from the "Defend Brooklyn" image he saw Spike Lee wearing. *See* Decl. of Averi Saunders ¶¶ 1-5, ECF No. 96-11, PageID #s 625-26; *see also* ECF No. 96-12, PageID # 629 (image of Spike Lee wearing t-shirt with "Defend Brooklyn" image on it from Chappelle's Show on July 9, 2006). Payton says that Saunders's recollection is wrong. *See* ECF No. 112-2 at 100, PageID # 775. Although Payton recalls

watching the show with Saunders, Payton says that he recalls thinking at the time that the "Defend Brooklyn" people had copied his design.  *See* ECF No. 112-2 at 98, PageID # 775.

Saunders says that, after creating the image, Payton was incarcerated on drug-related charges.  *See* Saunders Decl. ¶ 7, ECF No. 96-11, PageID # 626.  Saunders recalls that, while imprisoned, Payton told her to use the image for their family, as she was pregnant with his child.  *Id.* ¶ 8, PageID #s 627.  According to Saunders, she and Justin Anderson formed Defend Hawaii, LLC, in 2008.  *Id.*, PageID # 626-27.  She says that she subsequently went into business with Defendant Michael Buntenbah.  She terminated Defend Hawaii, LLC, created Defend, Inc., then sold her shares of Defend, Inc., to Buntenbah, believing that "all interest in the Subject Image" was also transferred to Defend, Inc., and its owner, Buntenbah.  *Id.* ¶ 10, PageID # 627.

In December 2014, Payton registered the "Defend Hawaii" image with the federal Copyright Office, Registration Number VA 1-934-173.  ECF No. 112-3 (copy of copyright registration), PageID #s 824-25.  Earlier in 2014, a trademark had been registered for a "Defend Brooklyn" image with a silhouette of an AK-47:



According to the trademark registration for that image, it was first used in 1996. See ECF No. 96-9, PageID #s 621-22. The owner of the "Defend Brooklyn" image is unrelated to any party in this action.

Payton concedes that the "Defend Hawaii" and "Defend Brooklyn" images are similar. See Payton Decl. at 99, ECF No. 112-2, PageID # 775. He says that the two images appear to use the same "Stencil" font and include a weapon, but that he did not copy the Defend Brooklyn image. Id. at 59-60, PageID # 765. Payton, however, concedes that it is possible that he saw the "Defend Brooklyn" image before he created his "Defend Hawaii" image. Id. at 57, PageID # 764.

**III.     SUMMARY JUDGMENT STANDARD.**

The summary judgment standard was set forth in this court's order of October 17, 2017. See ECF No. 106. That standard is incorporated herein by reference.

**IV.     THE MOTION FOR SUMMARY JUDGMENT IS DENIED.**

Payton premises his copyright claims on Defendants' alleged infringement of his allegedly exclusive rights in his copyrighted work, infringement that Payton says falls under 17 U.S.C. § 106(1) to (3) with respect to Defendants' reproduction of the work, preparation of derivative works, and distribution of those works. The Copyright Act, 17 U.S.C. § 501(a), provides: "Anyone who violates any of the exclusive rights of the copyright

5

owner as provided by sections 106 . . . is an infringer of the copyright or right of the author, as the case may be." The Copyright Act further provides: "The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).

Under 17 U.S.C. § 504(a), a copyright infringer is liable for actual damages plus profits or for statutory damages. Section 504(b) explains:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Under § 504(c)(1), statutory damages are "a sum of not less than $750 or more than $30,000" for each infringed work. However, with a "willful" violation, statutory damages up to $150,000 per infringed work may be awarded. 17 U.S.C. § 504(c)(2). Under 17 U.S.C. § 505, this court may award costs and reasonable attorneys' fees to a prevailing party.

Defendants seek summary judgment, arguing that Payton does not have a valid copyright in an image Defendants contend was copied from a pre-existing work and is not itself original. Defendants also argue that, because Payton did not register any copyright in the "Defend Hawaii" image until 2014, he is not entitled to statutory damages or attorneys' fees for any alleged infringement that began in 2010.

> **A.  There is A Question of Fact as to Whether Payton Has Ownership of a Valid Copyright**.
>
> **1.  Defendants Do Not Establish Entitlement to a Summary Judgment Ruling That the "Defend Hawaii" Image Is Not Copyrightable**.

Copyright protection exists with respect to "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). The Supreme Court explains:

> The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (citation omitted).

"A plaintiff bringing a claim for copyright infringement must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

As Payton himself concedes, the validity of his copyright cannot be presumed. *See* Opposition at 6, ECF No. 111, PageID # 732 ("Due to the passage of time between the initial publication and the date of registration it is true that the validity of the copyright cannot be presumed. *See* 17 U.S.C. § 410(c)."). In arguing that Payton lacks a valid copyright, Defendants break down the image into parts and argue that each distinct part lacks copyright protection.

For example, Defendants argue that Copyright Office regulations provide that "[w]ords and short phrases such as names, titles, and slogans are not subject to copyright protection." 37 C.F.R. § 202.1. But Payton's "Defend Hawaii" image is more than a short phrase, as it uses an arched "Stencil" font combined with the silhouette of an AR-15 rifle. Payton is not suing Defendants based solely on their alleged use of words. Instead, his Complaint alleges that Defendants are using the entire "Defend Hawaii" image or designs that are substantially similar to it. *See, e.g.,* Complaint ¶ 23, ECF No. 1, PageID # 5.

Defendants are similarly unpersuasive in arguing that Payton's use of the "Stencil" font is not eligible for copyright protection. Notwithstanding Copyright Office regulations stating that a typeface is not subject to copyright protection, 37 C.F.R. § 202.1(e), nothing in this case seeks protection based solely on a font.

Nor is this court persuaded by Defendants' claim that the silhouette of an AR-15 rifle is not subject to copyright protection. Although Defendants correctly note that, under 37 C.F.R. § 202.1(a), "familiar symbols or designs" are not subject to copyright protection, Payton used the silhouetted AR-15 as part of a larger design.

While Defendants note that Payton may have simply copied the image from the internet, Payton claims to have taken a picture of a model AR-15 Airsoft gun and used Photoshop to create the silhouette. This is sufficient to create a question of fact as to whether Payton used at least a minimal degree of creativity in coming up with the silhouette. *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) (noting not only that "any copyrighted expression must be 'original,'" but also that the amount of creativity required to meet this standard is "low" but "not negligible"; requiring "something more than a 'merely trivial' variation").

This court recognizes that, at trial, Payton will have the burden of proving that he owns a valid copyright. But that trial burden of proof in no way negates Defendants' burden on the present summary judgment motion. Defendants have the burden of showing their entitlement to judgment on the motion they have filed. As to copyrightability, they do not carry their burden as movants.

> 2. **Defendants Do Not Establish As a Matter of Law That the Combination of the Components of the "Defend Hawaii" Image Is Not Subject to Copyright Protection.**

Defendants are also unpersuasive in arguing that the combination of allegedly unprotected elements is so trivial as to be undeserving of copyright protection. In *Satava*, the Ninth Circuit held "that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava*, 323 F.3d at 811. *Satava* determined that a glass-in-glass jellyfish sculpture was not original enough to constitute an original work of authorship, stating, "The selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form, considered together, lacks the quantum of originality needed to merit copyright protection." The Ninth Circuit ruled, "These elements are so commonplace in glass-in-glass sculpture and so

10

typical of jellyfish physiology that to recognize copyright protection in their combination effectively would give Satava a monopoly on lifelike glass-in-glass sculptures of single jellyfish with vertical tentacles." *Id.* at 812. The Ninth Circuit noted, however, that certain aspects of his sculptures were copyrightable, such as "the distinctive curls of particular tendrils; the arrangement of certain hues; [and] the unique shape of jellyfishes' bells." The Ninth Circuit stated that Satava possessed a "thin copyright" that protected against "only virtually identical copying." *Id.*

There is an issue of fact as to whether the "Defend Hawaii" image is original enough to merit copyright protection. Giving such copyright protection to the image is not akin to giving protection to a lifelike glass jellyfish in a glass container. Payton would not be granted a monopoly over a common type of art. Assuming Payton actually created the original image, the words "Defend Hawaii" with an image of a weapon are not so commonplace as to give Payton a monopoly over a typical form of artistic expression.

This court emphasizes that it is not here determining whether Payton created an original work or whether he derived his image from the "Defend Brooklyn" image. *Cf.* 17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as

11

distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material."); *M. M. Bus. Forms Corp. v. Uarco, Inc.*, 347 F. Supp. 419, 425 (S.D. Ohio 1972) ("a work may be copyrightable though it is based upon materials already existent in the public domain if the author, by virtue of his own skill and effort, has contributed a distinguishable variation from the previously existing materials"), *aff'd* 472 F.2d 1137 (6th Cir. 1973). That is a matter left for trial. Even if Payton derived his image from the "Defend Brooklyn" image, Payton might still have protection against identical copying. *See Satava*, 323 F.3d at 812. These are factual issues not resolvable on the present record.

> **B. Defendants Are Not Entitled to Summary Judgment Based on the Copyright Merger Doctrine or the Related Scènes à Faire Doctrine.**

The Copyright Act unequivocally states, "In no case does copyright protection for an original work of authorship extend to any idea." 17 U.S.C.A. § 102(b). Defendants argue that the "idea" of the "Defend Hawaii" image is unprotectable under the doctrines of merger and scènes à faire. Both of these doctrines are defenses to infringement. *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000).

"Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the

12

copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea." *Id.* This is because the work's idea and expression merge. *Id.* "[W]hen there exists similarity of expression (whether literal or nonliteral) that necessarily results from the fact that the common idea is only capable of expression in more or less stereotyped form, the merger doctrine precludes a finding of actionable similarity." 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.03[B][3][d] (rev. ed. 2017). "The test is improper monopolization of the subject idea, which may occur even if several alternative locutions are conceivable." *Id.*

Under the related scènes à faire doctrine, "courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea." *Ets-Hokin*, 225 F.3d at 1082. Like the merger doctrine, the rationale underlying the scènes à faire doctrine "is that there should be no monopoly on the underlying unprotectable idea." *Id.*

Defendants do not meet their initial burden on this motion for summary judgment of showing that the idea expressed by "Defend Hawaii" can only be expressed in a limited number of ways. In fact, there is a question of fact as to what the idea behind "Defend Hawaii" is. According to an article in the Honolulu Magazine, ECF No. 96-10, PageID # 624, "Defend Hawaii"

13

began as a brand in Mixed Martial Arts for athletes from Hawaii who were participating in fights on the mainland and abroad. That brand became "about defending everything that Hawaii means to you." *Id.* This article is hearsay that Defendants do not show is admissible for purposes of this motion. Even if the "Defend Hawaii" image is indeed about defending what Hawaii means to each individual, that idea could be represented in many different ways. If it is about representing Hawaii in Mixed Martial Arts fights, other words like "Pride Rock," "Hawaiian Pride," or "Represent the 808" appear to express the same sentiment.

      **C.    Defendants Fail to Demonstrate that the Copyright Act Violates Their First Amendment Rights**.

Defendants claim that their use of the "Defend Hawaii" image is protected speech, but they do not analyze this contention in their papers. In *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003), the Supreme Court noted that the Copyright Clause and First Amendment "were adopted close in time. This proximity indicates the Framers' view that copyright's limited monopolies are compatible with free speech principles." Noting that the Copyright Act's "purpose is to promote the creation and publication of free expression," the Supreme Court stated that copyright law contains "built-in First Amendment accommodations" in that it distinguishes between ideas, which are not copyrightable, and expressions, which are eligible for copyright

14

protection.  *Id.*  The Supreme Court also noted that the "'fair use' defense allows the public to use not only facts and ideas contained in a copyrighted work, but also expression itself in certain circumstances."  *Id.*  The Copyright Act's "built-in free speech safeguards are generally adequate to address them."  *Id.* at 221.

Defendants argue that the Supreme Court's use of the qualifying word "generally" implicitly recognizes that free speech protections may be inadequate in some cases.  *See* ECF No. 96-1, PageID # 569.  What Defendants fail to do is demonstrate that this case involves inadequate protections.  Defendants simply raise the issue without discussion.

Even if "Defend Hawaii" is a form of protected speech, it does not necessarily follow that Defendants had a right to put that speech on a shirt, sticker, etc.  The Copyright Act does not impermissibly infringe on a person's right to express the idea of "Defend Hawaii."  Payton alleges an exclusive right to put the "Defend Hawaii" image on merchandise, and, at least on the present motion, Defendants do not show that this alleged right is constitutionally overridden by their own alleged right.

### D.  Summary Judgment is Denied With Respect to Statutory Damages and Attorney's Fees.

Defendants argue that statutory damages and attorney's fees are unavailable in this case because the alleged infringement began before Payton registered his copyright.  *See*

ECF No. 96-1, PageID # 570 (citing 17 U.S.C. § 412). On the present record, Defendants fail to meet their initial burden as movants of showing that § 412(2) bars statutory damages and attorney's fees.[1]

In relevant part, 17 U.S.C. § 412 provides that no award of statutory damages or attorney's fees, as provided in 17 U.S.C. §§ 504 and 505, "shall be made for . . . (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration." The Ninth Circuit explains that, with exceptions not relevant here, § 412(2) "mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). That is, the Ninth Circuit has held that § 412 bars an award of statutory damages (and attorney's fees) for post-registration infringements when the initial infringement occurs prior to the effective copyright registration date and "*the first act of infringement* in

---

[1] In his opposition to the motion for summary judgment, Payton argues that this court's previous order in which it said it was disregarding this argument because it was untimely raised for the first time in the reply in support of the previous motion for summary judgment is law of the case. Because the court did not decide the issue, the law of the case doctrine is inapplicable. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (stating that the law of the case doctrine generally precludes a court from reconsidering an issue that has already been decided by the same court, or a higher court in the same case).

16

a series on ongoing infringements of the same kind marks the commencement of one continuing infringement." *Id.* at 701.

Defendants argue that they are entitled to summary judgment with respect to statutory damages and attorneys' fees pursuant to § 412. But the record does not indicate that Defendants' use of the "Defend Hawaii" image was the beginning of a series of ongoing infringements that were of the same kind such that they can be considered one continuing infringement. To the contrary, there is no evidence before the court regarding the nature of Defendants' alleged infringements over time. At most, paragraph 5 of the Complaint alleges:

> Defend, Inc. was engaged in the business of designing, developing, manufacturing, promoting, marketing, distributing, labeling, and/or selling, directly and indirectly, through third parties or related entities clothing, hats, stickers and other merchandise.

ECF No. 1, PageID # 2. Paragraph 23 of the Complaint then alleges that Defendants have been using the "Defend Hawaii" image, or something substantially similar, in sponsoring and promoting events. Defendants do not establish the absence of a genuine issue of fact regarding how they used the "Defend Hawaii" image over time. Under these circumstances, Defendants fail to meet their burden as movants of demonstrating that they are entitled to summary judgment with respect to statutory damages and attorney's fees.

**V. CONCLUSION.**

For the forgoing reasons, Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Payton v. Defend, Inc., et al.*, Civ. No. 15-00238 SOM/KSC; ORDER DENYING MOTION FOR SUMMARY JUDGMENT